**FAGA S. FUALA'AU, Petitioner**

**v.**

**MALEPEAI V. SETU, Chief Election Officer, and SAOFAIGA MAULUPE, Respondents**

High Court of American Samoa
Appellate Division

AP No. 22-92

November 17, 1992

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, MALAETASI,* Acting Associate Justice, VAIVAO, Associate Judge, MATA'UTIA, Associate Judge.

Counsel: For Petitioner, Aitofele T. Sunia
 For Respondents, Elvis R.P. Patea, Assistant Attorney
 General

Per Curiam:

Petitioner Faga S. Fuala'au, a candidate for the House of Representatives from District No. 11, has filed a petition, pursuant to A.S.C.A. §§ 6.0902-6.0903, contesting the results of the general election recently held on November 3, 1992. The respondents are Malepeai V. Setu, the chief election officer, and Saofaiga Maulupe, the candidate who topped the vote count from District No. 11 by a margin of one (1) vote over his closest rival, petitioner Fuala'au. Petitioner alleges, *inter alia*, that a certain elector (Vagi Vasai) had voted twice in the general election and that, therefore, it cannot be determined that Saofaiga Maulupe had polled a majority or plurality of the votes cast.

We find on the evidence that one Vagi Vasai, a qualified elector from District No. 11, did indeed vote twice. He first cast a ballot as an absentee voter but then presented himself at the polls and requested to vote in person. Mr. Vasai's request was referred to the chief election officer, who decided to allow Mr. Vasai to vote in person but to have his absentee ballot removed from the absentee ballot box and not be counted. Although Mr. Vasai was allowed to vote in person, the removal of his returned absentee ballot was overlooked by the election office; this resulted in the counting of both of his ballots.

Since elector Vasai had, in effect, voted twice, one of his ballots cast is accordingly void. A.S.C.A. § 6.0903 provides that:

---

* Honorable Malaetasi M. Togafau, District Judge, High Court of American Samoa, serving by designation of the Secretary of the Interior.

> [t]he judgment [of this court] may invalidate . . . [an] election on the grounds that a correct result cannot be ascertained because of a mistake . . . on the part of the district or election officials or because it cannot be determined that a certain candidate . . . received a majority or plurality of votes cast and were elected.

This provision has been interpreted to mean "that the election is to be invalidated only if the number of ineligible ballots cast is equal to or greater than the number of votes by which the leading candidate defeated his closest adversary." *See Dole v. Attorney General*, AP No. 24-78 (App. Div. 1978), slip op. at 8. Here, respondent Maulupe's winning margin of one (1) ballot over his closest adversary, petitioner Fuala'au, is equal to the invalid second vote cast by elector Vagi Vasai. Therefore, it cannot be determined that respondent Saofaiga Maulupe had either polled a majority or plurality of the *valid* votes cast on election day.

Accordingly, it is Ordered, Adjudged and Decreed that the general election for the representative to the House of Representatives from District No. 11, held on November 3, 1992, is invalid and that another election be held in accordance with the requirements of A.S.C.A. § 6.0903(c).

It is further Ordered that the Clerk of Courts shall forthwith cause a certified copy hereof to be served upon the Governor in accordance with the requirements of A.S.C.A. § 6.0903(c).